OPINION
On June 18, 1997, Jeremy Calenda was in his house with two females. Several people came into the house, including Donnie Andrix. Andrix attacked Calenda. A fight ensued, and Jeremy was hit in the back of the head with a beer bottle and/or candle holder. Jeremy received twenty-one staples in his head from the incident.
Appellant Kenneth Markham was indicted on one count of Burglary and one count of Felonious Assault for the incident. The case proceeded to jury trial in the Delaware County Common Pleas Court. Appellant was convicted of the lesser-included offenses of Assault and Criminal Trespass. He was sentenced to six months incarceration for Assault, and thirty days for Criminal Trespass, to be served concurrently.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE PROSECUTOR'S OBJECTION AND FAILING TO ALLOW APPELLANT TO IMPEACH HIS WITNESS.
Appellant's theory of the case at trial was that Jeremy Calenda was struck on the head by a juvenile named Todd Cochran. Appellant testified that his brother, Donnie Andrix, entered the house first. Appellant testified that when he saw Donnie and Jeremy fighting, he was afraid his brother was going to get beat up. When he tried to grab Jeremy, Jeremy hit him. Appellant admitted that he punched Jeremy in the ribs. Appellant stated that as he pushed Jeremy away, Todd hit Jeremy with a beer mug.
Appellant called Todd Cochran as a witness at trial. Although Todd had earlier told police that appellant struck Jeremy Calenda with a beer mug, Cochran testified at trial that appellant struck Jeremy with a candle holder. Appellant attempted to impeach Cochran with his prior statement. The court sustained the State's objection, finding that appellant did not demonstrate affirmative damage and surprise.
Evid.R. 607 prevents a party from impeaching its own witness unless the party can show affirmative damage and surprise. Surprise can be shown if the testimony is materially inconsistent with the prior written or oral statements, and counsel did not have reason to believe the witness would recant when called to testify. State vs. Stearns (1982), 7 Ohio App.3d 11, 15. In order to demonstrate affirmative damage, the witness must testify to facts that contradict, deny, or harm that party's trial position. Id.
Appellant has not demonstrated that the inconsistency was material, or that it caused any affirmative damage. The sole issue in the case was the identity of the person who struck Jeremy Calenda, not which objects were used. There was evidence that Jeremy was struck with both a beer mug and a candle holder.
In addition, appellant has not demonstrated prejudice. Appellant was acquitted on the charge of Felonious Assault, and convicted of the lesser-included offense of Assault. A person commits the crime of Assault when he knowingly causes or attempts to cause physical harm to another. R.C. 2903.13(A). Appellant admitted at trial that he punched Jeremy Calenda. This testimony was sufficient to allow the jury to find that he committed the crime of Assault, regardless of whether he was the person who hit Calenda in the head with a beer mug or candle holder.
The Assignment of Error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.